~AO 241

Page 2 (Rev.12/04)

~ 0 8 ~ 4 9 0 ~

### PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
### HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Delaware |
|---|---|

| Name (under which you were convicted): Monty Pepper | Docket or Case No: |
|---|---|

| Place of Confinement : James T Vaughn Correctional Center | Prisoner No.: 156920 |
|---|---|

| *Petitioner( include the name under which you were convicted) custody of petitioner)* | *Respondent (authorized person having* |
|---|---|
| Monty C Pepper                    v. | P Phelups |

The Attorney General of the State of Delaware

### PETITION

1.   (a) Name and location of court that entered the judgment of conviction you are challenging:

   Superior Court for Kent county  34 the green Dover DE 19901

   (b) Criminal docket or case number (if you know): No # 0401017318

2.   (a) Date of the judgment of conviction (if you know) August 16 2004

   (b) Date of sentencing: April 15 2005

3.   Length of sentence: 13yr and 6 mo

4.   In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5.   Identify all crimes of which you were convicted and sentenced in this case:

   1 count rape 2end 11 @772  3counts of poss of c/p 11@1111 2 counts deal c/p 11@ 1109

6.   (a) What was your plea? (Check one)

         ☐ (1)  Not guilty     ☐ (3)  Nolo contendere (no contest)

         ☒ (2)  Guilty        ☐ (4)  Insanity plea



FILED

AUG - 6 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

~AO 241
(Rev.12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count

or charge, what did you plead guilty to and what did you plead not guilty to?
plead guilty to 1count 11@770 3 counts 11@1111 2 counts 11@ 1109  not guilty to

12counts 11@1111 and 13counts 11@1109

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury          ☐ Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes          ☒ No

8.      Did you appeal from the judgment of conviction?

☐ Yes          ☒ No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result::

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?     ☐ Yes          ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

~AO 241
(Rev.12/04)

(5 ) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes   ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes  ☐ No

11      If your answer to Question 10 was "Yes," give the following information:

(a)      (1) Name of court: Superior Court for Kent county

(2) Docket or case number (if you know): Id # 0401017318

(3) Date of filing (if you know): Feb 6 2006

(4) Nature of the proceeding: Post Conviction

(5) Grounds raised: (1)   Superior Court violated Court Rules of Proceedure

Surer,Crm,Crt,Rule 32 (presentence reports)      (2) State BREACHED plea agreement        (3)

Ineffective assistance of counsel for not objecting to violation of Rule32 not reviewing the presentence

report with the petitioner not informng the petitioner of the right to explain or rebut the facts in the report

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes      ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Delaware Supreme Court

    (2) Docket or case number (if you know): 642, 2007

    (3) Date of filing (if you know): Feb 1 2008

    (4) Nature of the proceeding: Appeal of Post Conviction

    (5) Grounds raised: Same as above in Superior Court

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes     ☒ No

    (7) Result: Denied

    (8) Date of result (if you know): Apr 30 2008

(c) If you filed any third petition, application, or motion, give
    the same information:

    (1) Name of court: Delaware Supreme Court

    (2) Docket or case number (if you know): 642, 2007

    (3) Date of filing (if you know): May 9 2008

    (4) Nature of the proceeding: Motion for Rehering en Banc

    (5) Grounds raised: Same as above in Superior Court

~AO 241

Rev.12/04)

(6) Did you receive a hearing where evidence was given on your petition,

application, or motion?

☐ Yes      ☒ No

(7) Result: Denied

(8) Date of result (if you know): June 2 2008

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ☒ Yes   ☐ No

(2) Second petition:    ☒ Yes   ☐ No

(3) Third petition:     ☐ Yes   ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:  The Prtitionres 5th and 14th amendment right to Due Process and Equal protection were denied because the Sentenceing Court FALED TO ADHEAR TO Court Rules of Proceedure ie Super,Crm,Crt,Rule 32 presentence reports which undermined the fundamental fairness of the proceedings**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The Sentenceing Court failed to adhear to Court Rules of Proceedure ie ( Super, Crm,Crt, Rule 32 ) presentence reports , Where the petitioners was Denied right to Explain or Rebut the factual information that the Court used in determining sentence contained in the presentence report. This undermined the Fundamental Fairness of the proceedings and denied the petitioners due process right. The Court failed to give the presentence report officers Determination as required by the rule denieing the petitioners right to rebut that determination or to know the reasoning for the determination   32 (a) (1) , The court failed to deternin that the counsel for the petitioner had in fact reviewed the report   32 (a) (1) (A) The court failed to afford the petitioner a opportunity to comment on the report

(b) If you did not exhaust your state remedies on Ground One, explain why:

~AO 241                                                                                      Page 7
(Rev.12/04)

(c)     **Direct Appeal of Ground One:**
        (1) if you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes ☒ No

        (2) if you did not raise this issue in your direct appeal, explain why: Counsel failed to file a direct

        appeal


(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state
        trial court?
                ☒Yes    ☐ No
        (2) if your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: Post

        Name and location of the court where the motion or petition was filed: Superior Court for Kent county

        38the Green Dover DE 19901

        Docket or case number (if you know): 0401017318

        Date of the court's decision: Nov 27 2007

        Result (attach a copy of the court's opinion or order, if available): attached

        (3) Did you receive a hearing on your motion or petition?                    ☐Yes    ☒ No
        (4) Did you appeal from the denial of your motion or petition?               ☒Yes    ☐ No
        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal    ☒Yes    ☐ No
        (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal was filed: Delaware Supreme Court  Delaware

        Docket or case number (if you know): 642,2007

        Date of the court's decision: Apr 30 2008

        Result (attach a copy of the court's opinion or order, if available): attached

        (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO: The State Breached the written agreement of the plea by advocating for a higher sentence when they had agreed in writing "not to recommend more than 10yr lv 5 at sentenceing" violating the plea agreement . This violated the petitioners US Constitutions 5th and 14th amendement rights of due process and undermined the fundamental fairness of the proceedings**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): At the sentenceing hearing ; The STATE breached the written agreement through argument at sentenceing that Emphazized Advocating for a higher sentenceing while Explicity recommending the agreement of 10yr …. Their statements of ….(quote); "the state is bound by the agreement not to ask for more than the minimum mandatory but the state did not agree that the minimum mandatory was the appropriate sentence"…and ;"though we had agreed not to recommend more than 10 yr at sentenceing we did not agree that that was the appropriate sentence" The states statements amounted to an recommendation that the defendant recive more than the agreed 10yrs ….Added to this the state then states  (quote);"(sic)the state had not agreed the minmium mandatory would be appropriate but rather that the pre-sentence report would be completed and the court would decide the appropriate sentence"; ..and ;we ask the court to consider the pre-sentence report in issueing sentence;"  the state is Recommending  the pre-sentence offocers determination as to the appropriate sentence to court.  again violating the agreement to "not to recommend more than 10yr at sentenceing'….

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)        **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐ Yes   ☒ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: Counsel failed to appeal the sentence

(d)        **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed: Superior Court of Kent county   38 the green

Dover De 19901

Docket or case number (if you know): 0401017318

Date of the court's decision: Nov 27 2007

Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes    ☒ No
(4) Did you appeal from the denial of your motion or petition                                ☒ Yes    ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?       ☒ Yes    ☐ No
(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supereme Court  Dover De

Docket or case number (if you know): 624,2007

Date of the court's decision: apr 30 2008

Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to
exhaust your state remedies on Ground Two:

**GROUND THREE:** The Petitioners 6th Amendment right to effective assistance of counsel was denied him because
counsel Sheryl Rush Milstead esq (SHM)  failed to object to or correct the sentenceing courts violation of Court
Rules of Proceedure….. Super.Crm.Crt,Rule 32  (presentence reports) and failed to review the pre-sentence
report with the petitioner  as well as not informing the petirtioner of the right to explain or rebut the information
contained in it  which denied the petitioner any opportunity to explain or rebut  facts that the court used in
determining the sentence. As well denieing the  petitioners right to know the pre-sentence officers determination
as to sentence and commentening in it as the rule requires This all denied the petitioners  right to due process and
fundamental fairness  in the proceedings protected by the 14th amendment of the constitution

………....................

(a)      Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): AT Sentenceing the Court
failed to abide by Super,Crm,Crt,Rule 32  ….which protects the rights of the defendant as to know the facts which
the court uses to determining the sentence, The Rule states  (32 (a) (1) the court Shall give the pre-sentence
officers determination as to the appropriate sentence ; "The court does not"  Counsel (shm) Dose not object . As
well the court is to allow the parties opportunity to comment on that determination …. The court does not ...
Counsel (SHM) does not object ……Rule 32 (a) (1) (A)  states; The court before  imposing sentence address the
parties and determin that they have had an opportunity to review the report pursuant to section (c) (3)... The court
dose not… Counsel (SHM) dose not object or correct this ... Counsel (shm)  Dose Not at or before sentenceing
"Review the report with the petitioner"  nor does she tell the defendant that he has a right to rebut fact within the
report which  were used in the determination of the sentence by the court. Counsel dose'nt review the report for
completeness as required by the rule section (c) Counsel admits that she has no reculation as to when she
reviewed the report  as well admits as to not seeing any victum impact statement.. "though is a requirement of
section (c) (D) ".. As well when counsel is told by "Letter in writing" of the court errors and hers ,she directs the
defendant that he should find this information "on his own". ALL of this denied the defendants constitutional
rights, not only those protected by  rule32 but those under the 14 th amendment due process and the right to
effective assistance of counsel 6th amendment of the US Constitution.

Case 1:08-cv-00490-JJF   Document 2   Filed 08/06/2008   Page 9 of 17

AO 241
(Rev. 12/04)

(b)     If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☒ Yes     ☒ No

(2) (f you did not raise this issue in your direct appeal, explain why: Counsel failed to file an appeal

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes          ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed: Superior Court of Kent county  38 the green

Dover De 19901

Docket or case number (if you know): 0401017318

Date of the court's decision: nov27 2007

Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Superme Court in and for Delawaer   Dover DE

Docket or case number (if you know): 624,2007

Date of the court's decision: Apr 30 2008

Result (attach a copy of the court's opinion or order, if available): denied

~AO 241                                                                                      Page 11
(Rev.12/04)

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used
        exhaust your state remedies on Ground Three:

**GROUND FOUR:** The petitioners 6th admendment right under the US Constitution of effective counsel were denied
because first counsel Beth D Savitz esq (BDS) DID NOT REVIEW THE EVEDANCE used aganst the
defendant

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Counsel (BDS) DID NOT review
the evidance pryer to bargoning fo a plea on behalf of the petitioner/defendant which undermined any plea
negociations Beth Savitz "admits by affidavid" she DID NOT review the evidance used against the defendant untill
after the plea was accepeted . The plea was accepted the same day as trial was to begin and the plea hearing was
this same day,          The Petitioner dose not beleave that counsel (BDS) ever looked at that evidance and
counsel is being dishonist , Second counsel (SHM) told the court at sentenceing  that counsel (BDS) did  infact
look at the evidance when infact counsel  (BDS) had not ,again dishonist

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue          ☐ Yes     ☒ No

        (2) If you did not raise this issue in your direct appeal, explain why: COUNSEL DID NOT FILE AN APPEAL

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

            ☒ Yes   ☐ No

        (2) If your answer to Question (d)(1) is "Yes," state:

        Type of motion or petition: Post conviction

-AO 241
(Rev.12/04)

Name and location of the court where the motion or petition was filed: Supreior Court of Kent county 38 the green Dover De 19901

Docket or case number (if you know): 0401017318

Date of the court's decision: nov 30 2007

Result (attach a copy of the court's opinion or order, if available): denied

(3) Did you receive a hearing on your motion or petition?               ☐ Yes      ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes      ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes      ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court in and for Delaware  Dover DE

Docket or case number (if you know): 624,2007

Date of the court's decision: Apr 30 2008

Result (attach a copy of the court's opinion or order, if available): denied

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

~AO 241
(Rev.12/04)

Page 13

13.   Please answer these additional questions about the petition you are filing:

(a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes   ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes   ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☒ Yes   ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised. Superior Court of Kent county 38 the green Dover DE 19901   TYPE   ,Post Conviction ......

CLAIM RAISED   denied his US Constitutional   6th amendment right to effective assistance counsel where…/   Counsel Sheryl Rush Milstead  esq   failed to advise the defendant of his right to ,grounds of , or possability of success of any appeal or other postconviction relief and failed to file an appeal on his behalf

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:        Beth D, Savitz esq

                                            Dover DE

    (b) At arraignment and plea:        Beth D, Savitz esq

                                            Dover DE

    (c) At trial:

    (d) At sentencing:                     Sheryl Rush Milstead esq

                                          Public Defender Dover DE

    (e) On appeal:

    (f) In any post-conviction proceeding:    pro-se Monty Pepper   ( Petitioner)

                                              DCC 1181 paddock rd Smyrna DE 19977

    (g) On appeal from any ruling against you in a post-conviction proceeding:  Pro-Se Monty Pepper     (Petitioner)

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes  ☒ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

                ☐ Yes      ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

*The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in
\part that:

    (1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody
         pursuant to the judgment of a State court. The limitation period shall run from the latest of.

        (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time
            for      seeking such review;

        (B)  the date on which the impediment to filing an application created by State action in violation of the
            Constitution  or laws of the United States is removed, if the applicant was prevented from filing by
            such state action;

        (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the
            right has been newly recognized by the Supreme Court and made retroactively applicable to cases on
            collateral review; or

        (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through
            the exercise of due diligence.

~AO 241
(Rev.12/04)

(2)             The time during which a properly filed application for State post-conviction or other collateral
                review with respect to the pertinent judgment or claim is pending shall not be counted
                toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:The Petitioner request that the Court
grant specific proformance of the plea of 10 yr by the court and resentence the defendant by a new
judge and counsel to represent him at resentenceing and a reduction of the added sentences over
the agreed plea of 10yr that the Superior court accepted on August 16 2004 when that court on
Aug 16 2004 had ALL of the same evidance, information, and facts, that it had when it determined
and handed down its sentence on April 16 2005 over and above that what they had accepted with
out giving any reason for doing so.
or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition
for

Writ of Habeas Corpus was placed in the prison mailing system on         (month, date, year).

Executed (signed) on        (date).

July 28 2008

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this
petition.

IN FORMA PAUPERIS DECLARATION

[insert appropriate court]

*****

FM: Monty Pepper
SBI# 156920 UNIT E B 10
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk
U S DisTrict CourT for Delaware
844 N King ST
Lock Box 18
Wilmington Del
19801

Dated
Legal mail

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MONTY C. PEPPER, | § | |
| | § | No. 642, 2007 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | . |
| | § | |
| Plaintiff Below, | § | Cr. ID No. 0401017318 |
| Appellee. | § | |

Submitted: February 1, 2008
Decided:  April 30, 2008

Before **STEELE,** Chief Justice, **BERGER** and **JACOBS,** Justices.

### O R D E R

This 30th day of April 2008, upon consideration of the appellant's opening brief, the appellee's motion to affirm and the Superior Court record, it appears to the Court that:

(1)    The appellant, Monty C. Pepper, filed this appeal from the Superior Court's denial of his motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").  The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Pepper's opening brief that the appeal is without merit.  We agree and affirm.

(2)    In August 2004, Pepper pled guilty to six sex offenses including one count of Rape in the Second Degree. As part of the plea agreement, the State agreed to recommend to the Superior Court that Pepper receive a prison sentence of no more than ten years, the minimum sentence for Rape in the Second Degree.[1] At the conclusion of the guilty plea hearing, the Superior Court scheduled Pepper's sentencing for a later date pending a presentence investigation and report.

(3)    Prior to sentencing, defense counsel ("First Counsel") at Pepper's request filed a motion to withdraw the guilty plea and a motion to withdraw as counsel. The Superior Court appointed new counsel ("Second Counsel") to represent Pepper. On April 15, 2005, the Superior Court held a hearing on the motion to withdraw the guilty plea and denied the motion from the bench.[2]

(4)    Second Counsel represented Pepper at sentencing that immediately followed the hearing on the motion to withdraw guilty plea. Before imposing sentence, the Superior Court heard from Second Counsel, Pepper, and the prosecutor.[3] The Superior Court sentenced Pepper to a total of 39 years at Level Five suspended after 13½ years at Level V

---

[1] Del. Code Ann. tit. 11, § 772(c) (2007).

[2] Hr'g Tr. at 2-25 (April 15, 2005).

[3] *Id.* at 25-31.

2

imprisonment followed by one year at a Level IV halfway house and 18 years of Level III probation.[4]

(5)    Pepper filed his motion for postconviction relief in February 2006.    The motion was referred to a Superior Court Commissioner for proposed findings and recommendations.  By order dated March 12, 2007, the Commissioner recommended that the motion should be denied.    On November 27, 2007, the Superior Court adopted the Commissioner's report and denied postconviction relief.

(6)    On appeal, Pepper has briefed only five of the twenty claims that the Superior Court identified in the postconviction motion.    To the extent Pepper has not briefed the other claims raised in the postconviction motion those claims are deemed waived and abandoned on appeal.[5]

(7)    In his opening brief on appeal, Pepper contends that the Superior Court failed to give him an opportunity to comment on the presentence report.      Pepper contends that the prosecutor failed to recommend to the Superior Court that Pepper should receive a prison sentence of no more than ten years at Level V.  Finally, Pepper contends that

---

[4] *Id.* at 31-35.
[5] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (citing *Murphy v. State*, 632 A.2d 1150, 1152-53 (Del. 1993)).

First Counsel was ineffective because she failed to adequately investigate his case.

(8)    The Court has carefully considered the parties' positions on appeal and the Superior Court record, including First Counsel's affidavit in response to Pepper's allegations of ineffective assistance of counsel. It is manifest that the denial of postconviction relief should be affirmed on the basis of the Superior Court's November 27, 2007 decision that adopted the Commissioner's well-reasoned report and recommendation. There is no support for Pepper's allegations that "there is a reasonable probability that, but for [First Counsel's] errors, he would not have pleaded guilty and would have insisted on going to trial."[6] Moreover, we agree with the Superior Court that Pepper's other claims of error are procedurally barred pursuant to Rule 61(i)(3) for Pepper's failure to allege cause or to demonstrate prejudice.[7] The hearing transcript belies the merit of all of Pepper's claims,

---

[6] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

[7] *See* Del. Super. Ct. Crim. R. 61(i)(3) (providing that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction is procedurally barred, unless the movant demonstrates "cause for relief from the procedural default" and "prejudice" arising from the alleged grievance).

4

and neither sentencing claim warrants application of the exception to the procedural bar.[8]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Jack B. Jacobs
Justice

---

[8] *See* Del. Super. Ct. Crim. R. 61(i)(5) (providing that the procedural bar of Rule 61(i)(3) shall not apply to a claim that the Court lacked jurisdiction or to a colorable claim that there was a miscarriage of justice because of a constitutional violation).

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MONTY C. PEPPER, | § | |
| | § | No. 642, 2007 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff, | § | Cr. ID No. 0401017318 |
| Appellee. | § | |

## O R D E R

This 29th day of January 2008, it appears to the Court that the appellant, Monty C. Pepper, has filed a motion for appointment of counsel in this appeal from the Superior Court's denial of postconviction relief. The constitutional right to counsel does not extend to collateral attacks on convictions.[1] Although the Court possesses the discretionary authority to appoint counsel in an appeal from the denial of postconviction relief, there appears to be no compelling reason to justify the appointment of counsel in this appeal.[2]

NOW, THEREFORE, IT IS ORDERED, that the appellant's motion for appointment of counsel is DENIED.

BY THE COURT:

/s/ Carolyn Berger

---

[1] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).
[2] Del. Supr. Ct. R. 26(b).

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

STATE OF DELAWARE,              )
                               )
        v.                     )     IK04-02-0594-R1
                               )     IK04-03-0351- 0352R1
MONTY C. PEPPER,               )     IK04-03-0366 - 0368-R1
(ID No. 0401017318)            )
                               )
        Defendant.             )

Submitted: August 1, 2007
Decided: November 27, 2007

Marie O'Connor Graham, Esquire, Deputy Attorney General, Dover, Delaware, for the State of Delaware.

Monty C. Pepper, *pro se.*

Upon Consideration of Defendant's
Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61
**DENIED**

**VAUGHN, President Judge**

Exhibit I

RECEIVED

NOV 28 2007

DEPARTMENT OF JUSTICE
DOVER, DELAWARE

*State v. Monty Pepper*
ID. No. 0401017318
November 27, 2007

## ORDER

Upon consideration of the defendant's Motion For Postconviction Relief, the Commissioner's Report and Recommendation, the defendant's appeal from Commissioner's Report, the State's response, and the record in this case, it appears:

1. The defendant pled guilty to one count of Rape Second Degree, 11 *Del. C.* § 772; two counts of Unlawful Use of a Computer to Depict a Child Engaging in a Prohibited Sexual Act, 11 *Del. C.* § 1109; and three counts of Possession of Child Pornography, 11 *Del. C.* § 1111. The defendant was also indicted on the following charges however the State ultimately entered a *nolle prosequi* on these charges as a result of his plea agreement: one count of Endangering the Welfare of a Child, thirteen additional counts of Unlawful Use of a Computer to Depict a Child Engaging in Prohibited Sexual Act, and twelve additional counts of Possession of Child Pornography.

Before the defendant was sentenced, he instructed his attorney to file a Motion to Withdraw His Guilty Plea and also a Motion to Withdraw as counsel. The Motion to Withdraw was granted and the Court then appointed Sheryl Rush-Milstead to represent the defendant on his pending motion and sentencing. The Court ultimately denied the Motion to Withdraw the Guilty Plea and sentenced the defendant to a total of thirty nine years incarceration suspended after thirteen and a half years with probation to follow.

2. The defendant then filed, *pro se*, a Motion For Reduction of Sentence which the Court denied. The defendant failed to appeal his conviction or sentence to the Delaware Supreme Court but rather filed the pending Motion For Postconviction

2

*State v. Monty Pepper*
ID. No. 0401017318
November 27, 2007

Relief. In his motion the defendant raises the following grounds for relief: 1) Court failed to fulfill Superior Court Rule 32(3); 2) State failed to fulfill recommendation agreed on plea; 3) Denial of the right to effective assistance of counsel; 4) Denial of right to effective counsel; 5) Denial of right to effective counsel; 6) Denied due process; 7) Court's failure to fulfill Superior Court Rule 11(f); 8) Double Jeopardy; 9) Denial of right of effective counsel; 10) Denial to right of effective counsel; 11) Denial of right of effective counsel; 12) Defendant argues that he was denied his right to effective counsel; 13) "Fith (sic) Amendment" rights denied regarding rules and laws pertaining to Grand Jury; 14) Denied right under Fith (sic) Amendment, failure of indictment to meet requirements of Superior Court Criminal Rule 7(c)(1); 15) Denied due process right; 16) Denied effective assistance of counsel; 17) Ineffective assistance of counsel; 18) Denied due process; 19) First, Fifteenth and Twenty Fourth Amendment Rights violated; and 20) Rights denied under due process clause of the Fourteenth Amendment.

3.     The Motion For Postconviction Relief was referred to the Court Commissioner, Andrea M. Freud for proposed findings and recommendation pursuant to 10 *Del. C.* § 512(b)(1)(b) and Superior Court Criminal Rule 61(a)(5).

4.     After a thorough review of the record the Commissioner concluded that defendant's first, second, seventh, eighth, fourteenth, fifteenth, eighteenth, nineteenth, and twentieth grounds for relief were never raised at the time of the plea, sentencing, or even on direct appeal to the Delaware Supreme Court. The defendant failed to substantiate any allegation of actual prejudice suffered, and the Commissioner found these allegations very vague. The defendant's failure to have raised them earlier or

3

*State v. Monty Pepper*
ID. No. 0401017318
November 27, 2007

to demonstrate cause and prejudice clearly bars them under Rule 61(I)(3).    The
remaining eleven grounds for relief all premise on ineffective assistance of counsel
in one form or another. The Commissioner carefully reviewed each ground and
determined that the defendant again failed to substantiate prejudice suffered from
counsel's representation. Counsel's Affidavit and the record in this case is clear and
was found to be more credible than the defendant's mere allegations of ineffective
assistance of counsel. Counsel's representation was well within an acceptable range.
Had the defendant gone to trial and been found guilty, he faced a much larger period
of incarceration than he received under the plea agreement. The defendant entered
into the plea knowingly and voluntarily and signed the Plea Agreement and
Truth-In-Sentencing Guilty Plea Form. The Commissioner examined and discussed
each of the remaining eleven grounds for relief in her report but ultimately found
them to be without merit and procedurally barred.

5. A copy of the Commissioner's Report and Recommendation dated March
12, 2007 is attached hereto. The defendant filed a Response / Appeal to the
Commissioner's Report and Recommendation and the State responded to the
defendant's response by letter. The State had no exceptions with the Commissioner's
Report and Recommendation and relied on previously submitted responses. In his
Response / Appeal, the defendant re-alleges several grounds raised in the original
motion for postconviction relief but again failed to substantiate any concrete
prejudice suffered. He alleges that the Court violated Superior Court Criminal Rule
32 and stated that this violation prejudiced him as well as denied him due process
which resulted in an additional three and a half years incarceration in addition to

4

*State v. Monty Pepper*
ID. No. 0401017318
November 27, 2007

probation.  He alleges that the pre-sentence report was to blame for the increase in his recommended sentence unless the Court had "pre determined" to increase the sentence.  In the end, he requested to have his sentence modified and reduced by three and a half years and "most probation" or to allow him to totally withdraw his guilty plea.  Both of which have already previously been adjudicated by this Court.

**NOW, THEREFORE, IT IS ORDERED** that:

a.    Having conducted a de novo review of the proceedings I adopt the well-reasoned Commissioner's Report and Recommendation;

b.    The defendant's motion for postconviction relief is denied.

President Judge

oc:    Prothonotary
cc:    Hon. Andrea M. Freud
       Maria O. Graham, Esq.
       Monty C. Pepper
       File

5

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | IK04-02-0594-R1 |
| | ) | IK04-03-0351-R1 |
| MONTY C. PEPPER, | ) | IK04-03-0352-R1 |
| | ) | IK04-03-0366-R1 |
| Defendant. | ) | IK04-03-0367-R1 |
| ID No. 0401017318 | ) | IK04-03-0368-R1 |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Marie O'Connor Graham, Esquire, Deputy Attorney General, Dover, Delaware, for the State of Delaware.

Monty C. Pepper, *pro se.*

FREUD, Commissioner
March 12, 2007

The defendant Monty C. Pepper ("Pepper") pled guilty on August 16, 2004 to one count of Rape Second Degree, 11 *Del. C.* § 772; two counts of Unlawful Use of Computer to Depict a Child Engaging in a Prohibited Sexual Act, 11 *Del. C.* § 1109; and three counts of Possession of Child Pornography, 11 *Del. C.* § 1111.

Exhibit H

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

Pepper was facing trial on the above charges along with one count of Endangering the Welfare of a Child, thirteen additional counts of Unlawful Use of Computer to Depict a Child Engaging in Prohibited Sexual Act and twelve additional counts of Possession of Child Pornography. The rape charge involved the thirteen year-old daughter of an acquaintance of Pepper who had been placed in Pepper's care for the evening. Had Pepper gone to trial and been convicted as charged, he would have faced not only the ten year minimum mandatory sentence on Rape in the Second Degree but substantial jail time on the total thirty-two counts filed against him.[1] Prior to sentencing, at Pepper's request, his first counsel, Beth Savitz, Esq. ("Ms. Savitz") filed a motion to withdraw his guilty plea and a motion to withdraw as counsel. The Court appointed Sheryl Rush-Milstead, Esq. ("Ms. Rush-Milstead") of the Public Defender's office to represent him on the motion and at sentencing. The Court denied the motion and sentenced Pepper to incarceration suspended after serving twelve and a half years for varying levels of probation on March 15, 2005. Next, Pepper filed a *pro se* motion for reduction of sentence which was likewise denied. Finally, Pepper filed the instant motion for postconviction relief pursuant to Rule 61 in which he alleges multiple grounds for relief including ineffective assistance of counsel. Pepper did not appeal his conviction or sentence to the State Supreme Court, instead he filed the instant Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.

---

[1] The State entered *nolle prosequis* on the other counts

2

*State v. Pepper*
ID No. 0401017318
March 12, 2007

## PEPPER'S CONTENTIONS

In his motion, Pepper raises twenty grounds for relief:[2]

> Ground One: Court failed to fulfill Superior Court Rule
> 32(3).
> Court failed to affort [*sic*] parties an opportunity to rebute
> [*sic*] or comment on PreSentence [*sic*] Report. Defendant
> has not see or read the report or victum [*sic*] impact used
> at sentencing.

> Ground Two: State failed to fulfill recommendation
> agreed on plea.
> As inducement to accept the plea the State agreed to make
> a recommendation at sentencing quote: The State agrees
> not to recommend more than 10 years LV at sentencing.
> This did not T.I.S. 2-5-10.

> Ground Three: Denial of the right to effective assistance
> of counsel.
> Where as in ground one counsel failed to supply the
> defendant with facts in the report 'Presentence [*sic*]
> Report' failed to inform defendant of Rule 32 or attack
> courts failure to Rule 32.

> Ground Four: Denial of right to effective counsel.
> Whereas in ground two counsel failed to address State's
> failure to meaningfully fulfilling [*sic*] sentencing
> recommendation as put fourth [*sic*] in gd 2.

---

[2] Grounds 12 - 20 are presented in Pepper's memorandum.

3

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

Ground Five: Denial of right to effective counsel where counsel failed to put fourth [*sic*] mitigating facts at sentencing to support the defendant with faverable evedance [*sic*] failed to be a advocat [*sic*] as required.

Ground Six: Denied due process.
Prosicution [*sic*] misconduct vindictiveness as put forth in Memoradum [*sic*]. Prosecution misconduct and vindictive statments [*sic*] denied defendant in a fair or just plea.

Ground Seven:  Courts failure to fulfill Superior Court Rule 11(F).
The Court failed to satisfy the factual basis and to establish before sentencing the facts of the offence [*sic*].

Ground Eight: Double jeopardy.
Improper use of sentencing guidelines failure to adhear [*sic*] to Rule 32 as well as useing [*sic*] aggraviting [*sic*] fact "Crime against a Child" is included fact of the crime 11-772 where useing [*sic*] it a second time is to punsih [*sic*] a second time as a increase.

Ground Nine: Denial of right to effective counsel.
'Beth Savitz' failed to investigate mental condition of defendant.  See Psycho-frensic [*sic*] Evaluation evedance [*sic*] (B) mental condition direct affect on volontaryness [*sic*] of plea.

Ground Ten: Denial to right of effective counsel.
Beth Savatz [*sic*] failed to investigate abuse of search warrant where questoning [*sic*] defendants son and bravel [*sic*] language transformed warrant into Genral [*sic*]

4

*State v. Pepper*
ID No. 0401017318
March 12, 2007

Warrnt [*sic*] against the 4 amendment.

Ground Eleven: Denial to right of effective counsel.
Beth Savatz [*sic*] failed to investigate evedance[*sic*] at
Troop 3 signature would be needed failure to investigate
law or dates time or data 'not a full investigation.'

Ground Twelve: Defendant argues that he was denied his
right to effective counsel as required by sixth amendment
of the United States Constitution.
Due to Beth Savatz [*sic*] counsel for the defendant failure
to properly investigate the charges the defendant was
charged and inticted [*sic*] unjustly and unconstitutionaly
[*sic*].

Ground Thirteen: Defendant argues that his rights were
denied under the "Fith Amendment' where the defendant
was denied access to the rules and law pertaining to Grand
Jury where counsel failed to informe [*sic*] the defendant of
his rights or inform the defendant of law or to charges that
were to be presented to the Grand Jury and the right to
due process under the 'Fourteenth Amendment' were
denied.

Ground Fourteen: Defendant argues that he was denied
his rights under the Fith [*sic*] Amendment of the United
States Constitution and failure of the indictment to meet
the requirements of Superior Court criminal Rule 7(c)(1)
did cause prejudice where the citation was misleading as
to the statute and was not plain, concise, or definitly [*sic*]
written, as required. Where the indictment failes [*sic*] to

5

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

define Delaware Code 11 § 1109 as it was intended by legislation and the statute.

Ground Fifteen: Defendant argues that he was denied his rights to due process of the fourteenth amendment and double jeoperdy [*sic*] of fith [*sic*] amendments double jeperdy [*sic*] clause where Del. code 11 § 1111 is a same included offence [*sic*] as described in Del. code 11 § 1109 and is ambiguous and is a lesser included there for prejudice the defendant by being sentenced by more add offences [*sic*].

Ground Sixteen: Defendant argues that he was denied his right to effective councel [*sic*] where the sixth amendment guarntees [*sic*] the right to effective counsel under the United States Constitution where counsel was unexperanced [*sic*].

Ground Seventeen:   Defendant argues his right to effective counsel under the sixth amendment of the United States Constution [*sic*] was denied where counsel for the defendant refused to contact or accept calls from the defendant by way of D.C.C. phone collect call.

Ground Eighteen: Defendant contends that he was denied due process under the United States Constitution 14th amendment.  The classification of 'violant' [*sic*] crime is more than a simple classification it is a fact of a crime.

Ground Nineteen: Defendant rights were denied under the First Amendment and Fifteenth Amendment and the Twenty Fourth Amendment where defendants right to vote

6

*State v. Pepper*
ID No. **0401017318**
March 12, 2007

> was abridged by the State of Delaware against the
> Constitution of the United States.
>
> Ground Twenty: Defendant argues his rights were denied
> under the due process clause of the Fourteenth
> Amendment and equal protection clause of [missing
> words?] the where the Court revoked the drivers license
> of the defendant.

## PROCEDURAL CONSIDERATIONS

Under Delaware law this Court must first determine whether Pepper has met

the procedural requirements of Superior Court Criminal Rule 61(i) before it may

consider the merits of his postconviction relief claim.[3]  This is Pepper's  first

Motion for Postconviction Relief and it was filed within three years of his conviction

becoming final, so the requirements of Rule 61(i) - (1)  requiring filing within three

years and (2) - requiring that all grounds for relief be presented in the initial Rule

61 motion, are met.  None of Pepper's claims were raised at the plea, sentencing

or on direct appeal, therefore, they are barred by Rule 61(i)(3), absent a

demonstration of cause for the default and prejudice. Pepper's first, second,

seventh, eighth, fourteenth, fifteenth and eighteen through twenty-third grounds for

relief do not allege any cause for his failure to have raised these claims earlier.

Moreover, they are all vague and unsubstantiated.  Additionally Pepper makes no

concrete allegations of prejudice.  Thus each of these twelve grounds for relief are

---

[3] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554
(Del. 1990).

*State v. Pepper*
ID No. 0401017318
March 12, 2007

clearly procedurally barred for failing to demonstrate cause and prejudice under Rule 61(i)(3). Pepper's remaining eleven grounds for relief are based on ineffective assistance of counsel. Rule 61(i)(3) does not bar relief as to Pepper's claims at this point should he demonstrate that his counsel was ineffective and that he was prejudiced by counsel's actions.

To prevail on his claim of ineffective assistance of counsel Pepper must meet the two prong test of *Strickland v. Washington*.[4] In the context of a guilty plea challenge, *Strickland* requires that a defendant show (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been his acquittal.[5] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[6] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is

---

[4] 466 U.S. 668 (1984) ("*Strickland*"); *Larson v. State*, 1995 Del. LEXIS 238; *Albury v. State*, 551 A.2d 53 (Del. 1988); *Skinner v. State*, 607 A.2d 1170, 1172 (Del. 1992).

[5] *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *Strickland*, 466 U.S. at 688, 694; *Accord Larson*, 1995 Del. LEXIS 238, at *3-4; *Blanchfield v. State*, 1994 Del. LEXIS 314; *Skinner*, 607 A.2d at 1172; *Albury*, 551 A.2d at 58.

[6] *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 Del. LEXIS 84.

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

a strong presumption that counsel's conduct was professionally reasonable.[7] This standard is highly demanding.[8] *Strickland* mandates that when viewing counsel's representation, this Court must endeavor to eliminate the distorting effects of hindsight.[9]

Following a complete review of the record in this matter, it is abundantly clear that Pepper has failed to allege any facts whatsoever sufficient to substantiate his claim that his attorney was ineffective. I find Counsels' Affidavits and the record more credible than Pepper's self-serving accusations. Pepper was facing trial on many serious charges and risked being sentenced to a substantial period of jail time. Pepper's counsel was able to negotiate a Plea Bargain with the State which resulted in the State agreeing to recommend only ten years minimum mandatory incarceration. Pepper and his attorney discussed the case prior to the entry of the plea. The Plea Bargain was clearly advantageous to Pepper. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Pepper entered his guilty plea he stated on his Truth-In-Sentencing Guilty Plea Form ("Guilty Plea Form") that he was satisfied with defense counsel's performance. He also stated that he had not been forced or

---

[7] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. 689); *see also Larson*, 1995 Del. LEXIS 238; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[8] *Flamer*, 585 A.2d at 754.

[9] *Strickland*, 466 U.S. at 689.

9

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

threatened into entering the plea.[10]  He is bound by his statement unless he presents

clear and convincing evidence to the contrary.[11]  Consequently, Pepper has failed

to establish that his counsel's representation was ineffective under the *Strickland*

test.

Even assuming *arguendo* that counsel's representation of Pepper was

somehow deficient, Pepper must satisfy the second prong of the *Strickland* test,

prejudice.  In setting forth a claim of ineffective assistance of counsel, a defendant

must make concrete allegations of actual prejudice and substantiate them or risk

dismissal.[12]  Pepper makes little attempt to demonstrate prejudice arising from his

counsel's alleged failure. This is clearly insufficient to establish prejudice.  Pepper

has failed to demonstrate any prejudice stemming from counsel's representation.

Not only are Pepper's claims procedurally barred, they have no merit whatsoever.

Notwithstanding the clear procedural bars to Pepper's motion, I will briefly

address his ineffective assistance of counsel claims.  In Pepper's third ground for

relief he claims ineffective assistance of counsel because of procedural error at

sentencing. The colloquy and review of Pepper's Motion to Withdraw Guilty Plea

prior to sentencing clearly contradicts his postconviction claim of any procedural

errors in the process. Pepper had several months between the first indications of his

desire to move to withdraw his guilty plea pursuant to Superior Court Criminal Rule

---

[10] *State v. Pepper*, Del. Super., ID No. 0401017318 (Aug. 16, 2004), Tr. of Plea at 7.

[11] *Blanchfield*, 1994 Del. LEXIS 314; *Mapp v. State*, 1994 Del. LEXIS 94 (citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

[12] *Larson*, 1995 Del. LEXIS 238; *Younger*, 580 A.2d at 556.

10

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

32(d). Pepper was provided the appointment of counsel (Ms. Rush-Milstead) to determine if there was a basis to grant a motion to withdraw his guilty plea. Ultimately the Court denied the request to withdraw. Pepper's sworn plea colloquy, signed Plea Agreement and Truth-In-Sentencing Guilty Plea Form ("Guilty Plea Form") showed that there was no "fair and just reason" to permit the withdrawal of the guilty plea. Pepper responded "Yes, Sir" to the Court's inquiry "Are you satisfied she's done what she should reasonably do for you?"[13] The decision to grant or deny a motion to withdraw a guilty plea rests in the sound discretion of the trial court and is reviewable only for abuse of discretion.[14]

In Pepper's fourth ground for relief he claims ineffective assistance of counsel for not objecting to "failure to fulfill plea agreement. There was no "failure to fulfill plea agreement." The Sentencing Court specifically acknowledged the State's agreement not to recommend more than ten years. The Court considered that agreement and rejected it.[15] Pepper was fully informed that the Trial Court had the sole discretion in imposing his sentence.[16]

In Pepper's fifth ground for relief he claims ineffective assistance of counsel for not investigating. Defense Counsel made many references during the motion for

---

[13] *State v. Pepper*, Del. Super., ID No. 0401017318 (Aug. 16, 2004), Tr. of Plea at 8.

[14] *State v. Insley*, 51 Del. 196, 141 A.2d 619 (1958).

[15] *State v. Pepper*, Del. Super., ID No. 0401017318 (April 15, 2005), Tr. of Sentencing at p. 30.

[16] *State v. Pepper*, Del. Super., ID No. 0401017318 (Aug. 16, 2004), Tr. of Plea at 6-7.

11

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

withdrawal of plea to discredit the current postconviction claim that counsel failed to investigate and failed to present mitigating evidence on Pepper's behalf. Furthermore, Pepper himself had an opportunity to be heard by the sentencing Court prior to the imposition of the sentence. A pre-sentence investigation report detailing Pepper's background was provided to the Court with both the State and Defense, not only having access to it, but an opportunity to be heard. Additionally, Ms. Rush-Milstead presented a psycho-forensic evaluation of Pepper for the Court's consideration in mitigating the sentence.

In Pepper's sixth ground for relief he claims ineffectiveness of counsel for not objecting to prosecutorial misconduct. The State zealously and effectively advanced the claims of the State within the bounds of the law. Pepper's allegations center around "vindictive" comments related to Pepper's son. The plea colloquy sets out the visitation issue with his son. In pertinent part the State related that the decision with regard to contact with Pepper's own child was left up to the Court. The record does not support any prosecutorial misconduct claims nor is there any showing that Pepper was "entitled" to a better plea offer.

In Pepper's ninth ground for relief he claims ineffective assistance of counsel for not investigating his mental condition prior to sentencing. The record at sentencing indicates that Pepper was in fact evaluated by the Psycho-forensic Evaluator of the Office of Public Defender. Pepper's diagnosis and treatment for depression was made known to the Sentencing Court by his counsel. Additionally, Pepper himself made the Pre-sentence Investigator aware of his "mental state" by advising that he was "addicted to pornography."

12

*State v. Pepper*
ID No. 0401017318
March 12, 2007

In Pepper's tenth ground for relief he claims ineffective assistance of counsel for failure to file a motion to suppress evidence. As Pepper's sworn testimony during the plea colloquy indicates as well as the Guilty Plea Form signed by him, by virtue of his guilty plea, Pepper waived all rights to challenge evidence against him.

In Pepper's eleventh ground for relief he claims counsel was ineffective for not examining the child pornography evidence seized from his computer. Both of Pepper's attorneys responded by Affidavit to this claim. Pepper again fails to establish a substantive claim of ineffective assistance of counsel. Ms. Savitz hired an investigator to locate and personally interview the mentally challenged child witness. After said interview took place Ms. Savitz was able to evaluate the strength of the State's case and make recommendations to Pepper. Additionally, Ms. Rush-Milstead, appointed for sentencing, examined the pornographic images that were discovered on Pepper's computer by the High Tech Crimes Unit.

In Pepper's twelfth ground for relief he claims counsel was ineffective for failing to investigate defenses to the charges. Ms. Savitz responded to this allegation with details of the steps taken to investigate possible defenses to the charges. Pepper must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[17]

In Pepper's thirteenth ground for relief he claims counsel failed to inform him of his right to be present at the Grand Jury. A defendant does not have a right to

---

[17] *State v. St.. Louis,* 2004 Del. Super. LEXIS 322.

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

be present at the Grand Jury proceedings therefore this allegation of ineffective assistance of counsel is meritless.

In Pepper's sixteenth ground for relief he claims Ms. Savitz was ineffective due to inexperience. This allegation was addressed in Ms. Savitz's Affidavit. The fact that counsel may not have previously defended a similar case does not in itself establish either prong of the *Strickland* test. Furthermore, during the plea colloquy Pepper answered affirmatively that he was satisfied with counsel's representation. A defendant's sworn testimony to the Court is deemed to have been truthful.

In Pepper's seventeenth ground for relief he claims ineffective assistance of counsel for refusing to accept collect calls for "D.C.C." This allegation fails to allege any facts whatsoever to substantiate his claim that counsel was ineffective. The affidavits of both counsel show that Pepper received a plea bargain which was advantageous to him. He was facing a thirty-two count indictment with a possibility of 195 years in prison. Counsel's representation was well within the range required by *Strickland*. Additionally, as stated above, when Pepper entered his plea, he stated on the Guilty Plea Form that he was satisfied with defense counsel's performance. He also stated that he had not been forced or threatened into entering the plea. He is bound by his statement unless he proves otherwise by clear and convincing evidence to the contrary.[18]

To the extent, if any, that Pepper again alleges his plea was involuntary, the record clearly contradicts such an allegation and the Court so found in denying his

---

[18] *Hickman v. State*, 1994 Del. LEXIS 320; *Smith v. State*, 1990 Del. LEXIS 1.

14

*State v. Pepper*
ID No. 0401017318
March 12, 2007

Motion to Withdraw his Guilty Plea. When addressing the question of whether a plea was constitutionally knowing and voluntary the Court looks to the plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[19] At the Guilty Plea hearing, the Court asked Pepper whether he understood the nature of the charges, the consequences of his pleading guilty and whether he was voluntarily pleading guilty. The Court asked Pepper if he understood he would waive his constitutional rights if he pled guilty, if he understood each of the constitutional rights listed on the Guilty Plea Form and whether he gave truthful answers to all the questions on the form. The Court asked Pepper if he had discussed the guilty plea and its consequences fully with his attorney. The Court asked Pepper if he was giving the plea of his own free will because he was in fact guilty. The Court asked Pepper if he was satisfied with his counsel's representation. The Court also asked Pepper if he was in fact, guilty of the charges. Pepper answered each of these questions clearly and affirmatively.[20] Pepper stated no one had forced him to enter the plea.[21]

Furthermore, prior to entering his guilty plea, Pepper filled out a Guilty Plea Form with his attorney's assistance. Pepper indicated, when he signed the form, that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the

---

[19] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

[20] *State v. Pepper*, Del. Super., ID No. 0401017318 (Aug. 16, 2004), Tr. at 7 - 8.

[21] *Id.* 7.

15

*State v. Pepper*
**ID No. 0401017318**
March 12, 2007

Plea Agreement. Pepper is bound by the statements he made on the signed Guilty Plea Form unless he proves otherwise by clear and convincing evidence.[22] I therefore wholly agree with the Court's earlier assessment and find that Pepper entered his guilty plea knowingly and voluntarily.

In conclusion, I find that both of Pepper's attorneys represented him in a competent and effective manner and that Pepper has failed to clearly demonstrate any prejudice stemming from the representation. Consequently, I recommend that the Court *deny* Pepper's Motion for Postconviction Relief as procedurally barred.

Commissioner Andrea M. Freud

AMF/ds
oc:    Prothonotary
cc:    Hon. James T. Vaughn, Jr.
       Marie O'Connor Graham, Esq.
       Sheryl Rush-Milstead, Esq.
       Beth Deborah Savitz, Esq.
       File

---

[22] *Hickman v. State*, 1994 Del. LEXIS 320; *Smith v. State*, 1990 Del. LEXIS 1. *See also Sullivan v. State*, 636 A.2d 931, 938 (Del. 1994) (ruling the fact that defendant filled out Truth-In-Sentencing Guilty Plea Form in defendant's own handwriting supported the Superior Court's conclusion that defendant's decision to plead guilty was knowing and voluntary).

16

*Redacted*

*Post Conviction Grounds: Presented To Superior court*

## Ground 1

Defendant Argues That he was denied his right To due process and equal protection guaranteed by The FourTeenth Amendment of The United States Constitution during The senTencing on 4/15/2005 Where The Court errored by "not" afforting The <u>defendant</u> or defendants counsel a opporTuniTy To comment on The PresenTence ReporT as required by Rule 32(3) Superior CourT Rules and fundamenTal fairness

Rule 32 (3) reads as fallowes

(3) Disclosure aT least 7 days before imposing senTence The CourT "shall" allow The defendanTs counsel and The attorney genral To read The presenTence invesTigation reporT including The informaTion required by subdivision (e)(2) but not including any final recommendaTion as To senTence The courT "shall" afford The parTies an opporTuniTy To commenT on The reporT and in The discreTion of The court To presenT informaTion relaTing To any alleged factual inaccuracy contained in iT

Defendant has not read The presenTance reporT or victum impact staTment, The use of uncorraboraTed evedence for senTencing did cause prejudice as To senTence

Due To counsels ineffectiveness counsel Failed To informe The defendant of what The presentence report proceedure's were pertaining To Rule 32 and Failed To informe The defendant of The staTments of evedence conTained in The reparT. There For causing prejudice at senTencing and denieing right of due process

in reflecTing   Moore V STaTe of Delaware Dec# 517 (2004). where The Supreime CourT ruled as Fallows

: in shorT Rule 32   requires disclosure of every porTion of The presenTence reporT excepT Final recommendaTion as To senTence . The redacTed   presenTence reporT ThaT was made available To "moore" (defendant) prior To senTence did noT comply with Rule 32 in oTher conTexTs Failure To adhear To a CourT rule mighT noT consTiTuTe Reversible error, Here however "moors" (defendant's) righT To know whaT was in The "Burris" sTaTemenT exisT independanT of any rule

This courT has held ThaT a "defendanT" musT be given some opporTuniTy To explain or rebuT any uncorreboraTed evedence  upon which The courT relies in makeing a senTence deTerminaTion  as a maTTer of FundamenTal Fairness"

The Trial courT sTaTed ThaT iT Throughly reviewed The reporT , Where (moore) should have been given The opporTuniTy To address Burris  sTaTemenT before being senTenced iT did cause prejudice if The courT relies on uncorreboraTed FacTs in a vicTum's   sTaTmenT The sTaTmenT can noT be wiThheld From The defendanT

.3

As in The instant case   The defendant  has not seen
The report  and as in The (Moore) case  The presentence
report was  given To The prosicution  and was used  in
determining  The sentence   And The defendant was not
given a opportunity   To  address  any statments  in The
report  there for Caused prejudice
        There for  The Court errored
    The defendants  counsel also errored  by not objecting
To The error  and  as The october 20th 2005 better from
counsel To The defendant  shows That  counsel is ignorant
To Rule 32  where counsel describes The rights To The
report is incorrect  as well shows of possibal error and
shows no attempt To correct The error  . (Letter exzibit A)
by

    Counsel was made aware of The error  and as reflected in
the oct 20 Letter  counsel admits That she has not seen
The pre sentence  where if she had errors would had not
happen futher more The Factual basis for The plea were not
established   The defendant did not admit To Touching
The victums vigina as she says  was done  as addressed
in  ground (3) Three

4

## Ground 2

Defendant argues That he was denied due process where The state failed To Fulfill The recommendation agreement as puT fourTh on The plea. The recommendation was not Ful filled did prejudice The defendant aT sentencing and did denie due process under The ConsTiTuTions FiTh Amendment and The FourTeenTh AmendmenT

The agreemenT of state To The recommendaTion as Fallowes : The State agrees noT To recommend more Than 10 years LvV aT senTencing : This agreemenT was in part The inducemenT To accepTing The plea also The T.I.S. SheeT shows ThaT The defendanT was Told 2-5 years up To 10 and minimum manditory The manditory was crossed ouT and counsel said ThaT up To 90 days a monTh good Time no manditory as The T.T.S. sheeT will show (ExzibiT B) ItS sheeT inclosed and copy of plea (exzibiT C) inclosed. First 2 years no good Time

ConsTiTuTional law 265.5

Breach of plea agreemenT implicaTes consTiTuTional guaranTee of due process

USCA ConsT Amend 5 ConsT Amend 14
Byrd v US 801 a2d 28 (2002), Royer v US 772 a2d 837 (2001)
Criminal Law 1181 criminal law 273.1 (2) criminal law 273.1
US v Brown 500 F2d 375

where aT The plea collique The counsel for The defendanT made The courT aware of The agreemenT as required and The defendanT being aware ThaT The CourT is noT Bound by The recommendaTion however The states Failore of Fulfill

There agreement may have with good probility made
a difference at sentencing as The sentence was increased

defendant argues That as inducement, counsel for
The defendant stated That The states recommendation
would usally perswade's The court To stay within That
recommended sentence and The defendant antisipated a
"Full hearted effort" by The state To Fullfill The agreement
as counsel for The defendant assured him They would if
The defendant accepted The plea a contract

AT one point counsel stated The state would cap The
sentence which was unTrue This was heard by The defendants
Father Richard Pepper

Because The State Failed To Fulfill The agreement
of The recommendation did cause prejudice where The
defendant recived 13 ½ years over The maximum sentence
agreed upon in The plea and was anTicipated by The defendant

Crim Law 118 1

where state Failed To keep a commiTment conserning
sentence recommendation on a guilTy plea The UninTed STaTes
Supream CourT would remand The case To state courTs To
decide wheather circumsTances of case required only ThaT
There be specific performance of The agreement on The
guilTy plea or weather circumsTances required ThaT peTiTioner
be granted opporTuniTy To with draw his guilTy plea

Fed Rule Crim Proc rule 11 , 18 U.S.C.A.

Due process of law demands That when a plea rest in any significant degree on a promise of agreement of The prosecuTor so That iT can be said To be part of The inducement or consideraTion. such promis must be Fulfilled if The promise can noT be Fulfilled and The deviaTion is maTeral The waver of consTiTuTional rights That a guilty plea represents is invalidaTed and cannoT be enforced

U.S.C.A. const Amend 14    Byrd v US 801 A2d 28 (2002)
Due process of law demands That when a plea rest in any significant degree on a promis or agreement of The prosecuTor so ThaT iT can be said To be part of The inducement or consideraTion iT must be Fulfilled

Royer v US    772 A2d 837    (2001)


Holding That where The prosecuTor promised To recommend a paTicular senTence The mere half harTed reciTaTion of a suggesTed senTence would not saTisfy The plea agreement

US v Brown    500 F2d 375    (4cir 1974)
688 F2d 31 (1983)


ConsTiTuTional Law 265.5
Breach of plea agreemenT implicaTes consTiTuTional guaranTee of due process
U.S.C.A. ConsT Amend 5    ConsT Amend 14

)

Futher more   The   failure of   Prosecution  To
Fulfill  The  agreement of recommendation  was not
accidental  and possibaly was The intent not To do so
        defendant   Through research investigating case law
has  Found  cases where  a Prosecution  in a case  used
The  same  wording of recommendation  as prosecution, used in
The instant  case    There  The  use of the wording
" The state agrees" not "To recommend"  was  purposly
used  To  deceive  To intice  a plea  and Then not
fulfill  The  recommendation  because of The word "not"

    if in The instant  This was The  intent  of The
prosecution  To deceive  The defendant and The defendants
counsel , This Trickery would  show The vindictive  behaviory
by The prosicution , as well as  ineffective ness of Counsel
where  defendant under The sixth amendment  has a right
To  effective counsel " prosecturul vindictiveness is addressed in "ground (6)
six"  in The refferd To cases  The Supream Coort
Found  That  The deception  was unJust and The wording
was against The spirit of The plea


    Under standing That The Cort is not bound by
recommendation  The fact That The agreement was not
Fulfilled  did cause prejudice where if The state had made
a Full harted effort The probility That The sentence would
    had been  different

## Ground Three

Defendant argues That he was denied his right
To effective assistance of counsel guaranteed by The
Sixth Amendment of The United States Constitution during
seatencing . Where    Counsel <u>Sheryl Rush Milsted</u>  failed
To    object To , or address The proceedural Error at
sentencing  where The Court's Failure To adhear To Rule
32   caused   denial of due process and Fundamental Fairness
To The defendant  and did cause prejudice

Defendant argues That if not For counsels errors
The defendants   sentence would had been differenT
    Defendant argues That Counsels representation Fell
below an objective standard of reasonableness  and That
counsel's inadequat performance at and before sentencing
conserning The Presentence report and Victum impact statement
under Rule 32 Supereme Court Rules  dose Fall below
 The   Strickland standard  in determining  The effectiveness
 of counsel          Strickland v Washington  104 SCT 2052

Where  counsel  failed To allow The defendant To
know what The presentence report or victum impact statement
held as To evidence , That would be used in deciding The
sentence The  defendant would receive

Where  counsel failed To inform The defendant of
Rule 32  or The defendants right To address The

evidence in The pre senTence reporT or vicTom impacT sTaTe menT or The righT To RebuTe uncorroboraTed evidence aT senTencing wiTh in These reporTs

These errors by counsel when The courT failed To Fulfill Rule 32 as described in Ground (1) did cause prejudice as To senTence and righTs of The defendanT

As The enclosed LeTTer DaTed ocT 20 2005 when The defendanT afTer hours of reserch realized ThaT There was an error defendanT requesTed by leTTer copys of The Plea agreemenT and presenTence reporT and informed counsel of The errors    (ExzibiT A)

The ocT 20 2005 LeTTer, was counsels response where on Line one iT quesTonable if counsel has ever seen The plea "This is addressed in oTher grounds" buT on Lines 4-7 The counsel is in error wiTh reguards To Rule 32 and counsel 'is aware"of a possibal error by The courT and counsel, on line 9-10 counsel shows Lack of consern acTually insinuaTe's ThaT The defendanT should aquire TranscripTs him self This in proof of counsets noT being an advocaT for The defendanT

Line 1    I Looked Through The file buT could noT locaTe a copy of The Plea AgreemenT

Line 4-7 wiTh regard To The presenTence reporT ThaT is produced for The daTe of senTencing only ATTorneys are noT permiTTed To make copys of iT nor To shair

iT with any one besides The clienT on The sentencing daTe afTer which iT musT be reTurned To The CourT However if you have a copy of your senTencing colloquy Than you can ~~see~~ revew iT To see if The CourT erred

Line 9-10    if you should as you would do so en forma pauperis so ThaT iT would be produced wiTh out any cosT To you    (This is in consern wiTh TranscripTs)

"Before imposing SenTence The courT shall"

Rule 32 (A) 1 A    The CourT Shall

(A) deTermin ThaT The defendanTs counsel or when The defendant acTing pro se The defendanT have had an opporTuniTy To read The presentence invesTigaTion made available prusuanT To subdivision (c)(3)

Rule 32 (e)(3)

Disclosure aT leasT 7 days before imposing senTence The courT shall allow The defendanTs counsel and The aTTorney Genral To read The presenTence reporT including The informaTion required by Subdivision (c)(2) buT noT including any final recommendaTion as To senTence The courT <u>Shall</u> afford The parTies an opporTuniTy To commonT on The reporT and in The descreTion of The courT To presenT informaTion relaTing To any alleged facTual inaccuracy conTained in iT

As I have shown by The leTTer From counsel compaired To The Rule 32 ThaT counsels knolage

of proper procedure concerning court procedures
Rule 32 (a)(A) and Rule 32 (c)(3) did in fact Fall
Fare below The Strickland standard


criminal Law 641.13(1)

To succeed on a claim of ineffective assistance of counsel
defendant must not only make concreat allegations of cause and
actual prejudice but he or she also must substantiate Them

U,S,C,A, Const Amend 6

Criminal Law ━━━ 997.2

Ineffective assistance of counsel constitutes "cause"
for failure To raise challenge prior To collateral review under
statute providing For correction of sentence

28 USCA § 2255   U,S,C,A, Const Amend 6

Criminal Law 641.3

Defendant is entitled To reasonably competant assistance
of counsel at each stage of The proceedings From pre plea
investigation To preparation To advocacy at sentencing

U,S,C,A, Const Amend 6


As shown any reasonable counsel should have knolage To
defend Their client, when counsel Falls below a reasonable
standard of competence as iT dose in The instant case
This affects professional decisions and legal choices That
prejudice The defendant in getting effective counsel and
prejudice The outcome of The sentence and plea and is against
The 6th Amendment and Falls Far below The Strictland standard