IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONTY PEPPER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civ. Act. No. 08-490-JJF |
| | : | |
| PERRY PHELPS, Warden, and | : | |
| JOSEPH R. BIDEN, III, Attorney | : | |
| General of the State of | : | |
| Delaware, | : | |
| | : | |
| Respondents. | : | |

_____

Monty Pepper.  Pro se Petitioner.

Gregory E.Smith, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.  Attorney for
Respondents.

_____

**MEMORANDUM OPINION**

OCTOBER 3, 2009
Wilmington, Delaware

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Monty Pepper ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court will dismiss the Petition and deny the relief requested without an evidentiary hearing.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In August 2004, Petitioner pled guilty to one count of second degree rape, two counts of using a computer to depict a child engaging in a prohibited sexual act, and three counts of possession of child pornography. The rape charge involved the thirteen-year old daughter ("BB") of an acquaintance of Petitioner's who had been placed in Petitioner's care for an evening. The remaining charges stemmed from the seizure and examination of Petitioner's computers following BB's report of the rape to the police and her interview at the Children's Advocacy Center. (D.I. 17.); Pepper v. State, 950 A.2d 659 (Table), 2008 WL 1887287 (Del. April 30, 3008).

As part of the plea agreement, the State agreed to recommend to the Superior Court that Petitioner receive a prison sentence of no more than ten years, the minimum sentence for second degree rape. At the conclusion of the guilty plea hearing, the Superior Court scheduled Petitioner's sentencing for a later date pending a pre-sentence investigation and report. Pepper, 2008 WL

1

1887287.

Prior to sentencing, Petitioner moved to withdraw his guilty plea, and his attorney, "First Counsel," moved to withdraw as Petitioner's counsel. The Superior Court permitted First Counsel to withdraw, and appointed a new attorney, "Second Counsel," to represent Petitioner. (D.I. 17.)

On April 15, 2005, the Superior Court denied Petitioner's motion to withdraw his guilty plea. Id. The Superior Court then sentenced Petitioner to a total of thirty-nine years at Level V incarceration, suspended after thirteen and one-half years at Level V incarceration, followed by one year at a Level IV halfway house and eighteen years at Level III probation. Pepper v. State, 950 A.2d 659 (Table), 2008 WL 1887287 (Del. Apr. 30, 2008). More specifically, he was sentenced to twenty years of imprisonment at Level V on the second degree rape conviction, suspended after ten years for decreasing levels of supervision; five years of imprisonment at Level V, suspended after one year for Level III probation, on each of the two counts of computer child pornography; and three years at Level V, suspended after six months for Level III Probation, on each of the three counts of possession of child pornography, for a total of thirteen years and six months of incarceration. (D.I. 17.)

Petitioner did not appeal his sentence. Instead, he filed a "supplement" to a Rule 35 motion for sentence modification, and

eleven days thereafter, a Rule 35 motion for sentence modification, which the Superior Court denied.

In February 2006, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting twenty grounds for relief. The case was referred to a Superior Court Commissioner, who issued a Report and Recommendation concluding that the Superior Court should deny the Rule 61 motion. The Superior Court adopted the Report and Recommendation and denied Petitioner's Rule 61 motion as procedurally barred. Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Pepper, 2008 WL 1887287.

## II. APPLICABLE LEGAL DOCTRINES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot review the merits of claims asserted in a habeas petition unless the petitioner has exhausted all means of available relief for the claims under state law. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842-44 (1999); Picard v. Connor, 404 U.S. 270, 275 (1971). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the state courts to consider it on the merits. See

3

Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). If a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 749-750 (1991); Harris v. Reed, 489 U.S. 255, 260-64 (1989); Lines v. Larkins, 208 F.3d 153, 160 (3d Cir. 2000).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman, 501 U.S. at 750-51; Caswell v. Ryan, 953 F.2d 853, 861-62 (3d Cir. 1992). To demonstrate cause for a procedural default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, the petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error

4

of constitutional dimensions." Id. at 494.

Alternatively, if the petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Murray, 477 U.S. at 496; Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. Hubbard v. Pinchak, 378 F.3d 333, 339-40 (3d Cir. 2004).

## B. Standard of Review

If, however, a state's highest court has adjudicated a cognizable federal habeas claim on the merits, then the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to § 2254(d), federal habeas relief may only be granted when the state court's decision

was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000); <u>Appel v. Horn</u>, 250 F.3d 203, 210 (3d Cir. 2001).

When reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to both explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); <u>Campbell v. Vaughn</u>, 209 F.3d 280, 286 (3d Cir. 2000); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 341 (2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## III. DISCUSSION

Petitioner presents four grounds for habeas relief:[1] (1) Second Counsel provided ineffective assistance during the sentencing hearing by failing to object the Superior Court's

---

[1]The Court has re-numbered Petitioner's claims without changing the substance asserted therein.

violations of Rule 32; (2) First Counsel provided ineffective
assistance during the guilty plea procedure by failing to prepare
for trial; (3) during sentencing, the Superior Court violated
Criminal Rule 32 by failing to give Petitioner an opportunity to
comment on the pre-sentence report, thereby depriving him of his
right to due process; and (4) the prosecutor violated the written
plea agreement and Petitioner's right to due process by failing
to recommend that Petitioner should receive a sentence no greater
than ten years at Level V.

## A. Claims One And Two Do Not Warrant Relief Under § 2254(d)(1)

In his first claim, Petitioner contends that Second Counsel
provided ineffective assistance during his sentencing hearing by
failing to object to the trial court's purported violations of
Rule 32. Petitioner also alleges that Second Counsel failed to
review the pre-sentence report with him or inform him that he had
a right to explain or rebut the information contained in the
report. In his second claim, Petitioner asserts that First
Counsel rendered ineffective assistance because she failed to
investigate the evidence against him or otherwise prepare for
trial.

The Delaware Supreme Court denied both claims as meritless
on post-conviction appeal. Consequently, the Court cannot
provide habeas relief unless the Delaware Supreme Court's
decision was either contrary to, or involved an unreasonable

application of, clearly established Federal law.

The clearly established Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) and its progeny.  <u>See</u> <u>Wiggins v. Smith</u>, 539 U.S. 510 (2003).  The Supreme Court has extended the reasoning of <u>Strickland</u> to the guilty plea context.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 57, 59 (1985).  Consequently, under the first <u>Strickland</u> prong, Petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance.  <u>Strickland</u>, 466 U.S. at 688.  Under the second <u>Strickland</u> prong, Petitioner must demonstrate that, but for counsel's error, there is a reasonable probability that he would have insisted on proceeding to trial instead of pleading guilty.  <u>Id.</u> at 687-96;  <u>Hill</u>, 474 U.S. at 58-9.  Although not insurmountable, the <u>Strickland</u> standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."  <u>Strickland</u>, 466 U.S. at 689.

In deciding to deny the instant two ineffective assistance of counsel claims, the Delaware Supreme Court correctly identified the <u>Strickland/Hill</u> standard and analyzed the claims within its framework.  Therefore, the Court concludes that the

8

Delaware Supreme Court's denial of Claims One and Two was not contrary to clearly established Supreme Court precedent. See Williams, 529 U.S. at 406 ("[A] run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine whether the Delaware Supreme Court's denial of Claims One and Two constituted an unreasonable application of the Strickland/Hill standard to the facts of Petitioner's case. Under this prong, habeas relief will only be warranted if the Delaware Supreme Court's application of the Strickland/Hill standard "resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000). The Court will review the claims under this standard in seriatim.

### 1. Ineffective Assistance Of Second Counsel

On post-conviction appeal, Petitioner argued that the Superior Court failed to give him an opportunity to comment on the pre-sentence report. Recognizing that the Superior Court denied this claim as procedurally defaulted, Petitioner attempted to establish cause on post-conviction by blaming Second Counsel for not raising the issue on direct appeal. The Delaware Supreme Court implicitly denied the ineffective assistance of counsel claim as meritless by affirming the Superior Court's conclusion

that Petitioner did not establish cause for his default.  Pepper,
2008 WL 1887287.

Now, in this proceeding, Petitioner alleges the independent
claim that Second Counsel did not review the pre-sentence report
with him, that she never informed him of his right to rebut or
explain the facts contained in the report, and that she never
raised any Rule 32 issues to the Superior Court during
sentencing.  Even if the Court accepts that Second Counsel
performed deficiently, the Court concludes that the instant
argument fails to warrant relief because Petitioner has failed to
demonstrate that he was prejudiced by these actions.  First,
given Petitioner's failure to provide evidence to the contrary,
the Court accepts as correct the Superior Court's factual finding
that a "pre-sentence investigation report was provided to the
Court with both the State and Defense, not only having access to
it, but an opportunity to be heard."  See 28 U.S.C. § 2254(e)(1);
(D.I.15, State v. Pepper, ID No. 0401017318 Comm. Rep. & Rec., at
p. 12 (Del. Super. Ct. Mar. 12, 2007)  Second, the sentencing
transcript reveals that Petitioner himself was provided an
opportunity to address the sentencing court prior to the
imposition of the sentence, and that he actually did explain his
version of the background to the statement he gave the pre-
sentence investigator.  (D.I.24, Exh. B, at pp. 18-19, 27)  And
finally, during the sentencing hearing, Second Counsel presented

10

a psycho-forensic evaluation of Petitioner for the Superior

Court's consideration in mitigating the sentence.  Id. at pp. 25.

Given this record, Petitioner cannot demonstrate a reasonable

probability that the result of his sentencing hearing would have

been different but for Second Counsel's alleged deficient

performance.  Accordingly, the Court concludes that Claim One

does not warrant federal habeas relief.

        2.   Ineffective Assistance Of First Counsel

    In his second claim, Petitioner contends that First Counsel

provided ineffective assistance by failing to examine the child

pornography images until after entering into the plea agreement.

(D.I. 15, Pepper v. State, No.642, 2007, State's Motion to

Affirm, at ¶ 5.)  The Delaware Superior Court denied Claim Two

because Petitioner did not allege any facts sufficient to

substantiate his claim of ineffectiveness.  Addressing the

performance prong of Strickland/Hill, the Superior Court noted

that it found counsels' affidavits and record more credible than

Petitioner's self-serving accusations, that First Counsel

discussed the case with Petitioner prior to the entry of the

plea, and that the plea agreement was clearly advantageous to

Petitioner.  In addition, the Superior Court explained that

Petitioner failed to provide "clear and convincing" evidence as

to why he should not be bound by the sworn statements he made

during the plea colloquy that he was satisfied with First

11

Counsel's performance and that he was not forced or threatened into entering the plea. State v. Pepper, ID No. 0401017318, Com. Rep. & Rec., at p.9 (Del. Super. Ct. Mar. 12, 2007). Viewing all of the foregoing evidence, the Superior Court held that First Counsel had not provided ineffective assistance. The Delaware Supreme Court affirmed the Superior Court's judgment, noting that there was no support in the record to conclude that there was a reasonable probability that, but for First Counsel's errors, Petitioner would not have pled guilty and would have insisted on going to trial. Pepper, 2008 WL 1887287, at*2.

In this proceeding, Petitioner contends that the Delaware Supreme Court's decision was based on an unreasonable determination of the facts in light of the evidence presented, and that it also involved an unreasonable application of Strickland. However, after reviewing the transcripts of the plea colloquy and sentencing hearing, the Court finds no merit in Petitioner's contentions. First, the United States Supreme Court has long held that "[s]olemn declarations in open court carry a strong presumption of verity" which creates a "formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). While under oath during the plea colloquy, Petitioner admitted his guilt to all the counts charged during the colloquy. (D.I. 15, Pepper v. State, No. 642,2007, State's Motion to Affirm, Exh. D at p.6.) Although

12

Petitioner alleged during the hearing on his motion to withdraw his guilty plea that he did not make an intelligent decision when he accepted the plea agreement because he was suffering from depression and did not understand the questions posed during the plea colloquy, the Superior Court rejected those arguments after listening to evidence that Petitioner was not suffering from a psychological infirmity at the time of his guilty plea that interfered with his comprehension of the plea. See (D.I. 24, Exh. B at pp. 4-9, 22-3) Given Petitioner's failure to provide clear and convincing evidence to the contrary, the Court accepts as correct the Superior Court's implicit factual finding that Petitioner's arguments regarding his inability to intelligently enter into a plea were baseless. Therefore, Petitioner has failed to overcome the strong presumption of truth that has attached to his sworn statements of guilt.

In addition, the evidence against Petitioner was overwhelming. Petitioner faced a total maximum possible sentence of 195 years if convicted of all allegations. (D.I. 15, Pepper v. State, No. 642,2007, State's Motion to Affirm, ¶ 5.) However, under the plea agreement, Petitioner faced a maximum of fifty years of imprisonment, and he was actually sentenced to a total thirty-nine years at Level V incarceration, suspended after thirteen and one-half years at Level V incarceration. (D.I. 15, Pepper v. State, No. 642,2007, State's Motion to Affirm, at Exh.

13

D.)

Viewing the substantial benefit derived under the plea agreement in conjunction with Petitioner's sworn concessions of guilt during the plea colloquy, the Court finds it doubtful that Petitioner would have insisted on proceeding to trial even if he knew prior to the plea colloquy that First Counsel had not actually seen the physical images of child pornography.    In short, because Petitioner has failed to demonstrate prejudice, the Court concludes that the Delaware Supreme Court did not unreasonably apply the Strickland/Hill standard in denying Claim Two as meritless.

## B.    Claims Three And Four Are Procedurally Defaulted

In Claim Three, Petitioner contends that the Superior Court violated Rule 32 by denying him the right to explain or rebut the factual information contained in the pre-sentence report which, in turn, violated his due process rights.    In Claim Four, Petitioner contends that the State breached the written plea agreement by failing to recommend to the Superior Court that Petitioner should receive a sentence no greater than ten years at Level V.    Petitioner presented both claims to the Superior Court in his Rule 61 motion without first presenting them to the Delaware Supreme Court on direct appeal.    Consequently, the Superior Court denied Petitioner's the claims as procedurally barred under Rule 61(i)(3), and the Delaware Supreme Court

14

affirmed that decision.

By applying the procedural bar of Rule 61(i)(3), the
Delaware Supreme Court articulated a "plain statement" under
Harris v. Reed, 489 U.S. 255, 263-4 (1984) that its decision
rested on state law grounds. This Court has consistently held
that Rule 61 is an independent and adequate state procedural rule
precluding federal habeas review. See McCleaf v. Carroll, 416 F.
Supp. 2d 283, 296 (D. Del. 2006); Mayfield v. Carroll, 2005 WL
2654283 (D. Del. Oct. 11, 2005). Thus, the Court cannot review
the merits of Claims Three and Four absent a showing of cause for
the default, and prejudice resulting therefrom, or upon a showing
that a miscarriage of justice will occur if the claims are not
reviewed.

It is well-settled that the ineffective assistance of
counsel can constitute cause for a petitioner's procedural
default of a claim, provided that the petitioner raised the
specific issue of counsel's failure to the state courts as an
independent claim and counsel's ineffectiveness rose to the level
of a constitutional deprivation under Strickland v. Washington,
466 U.S. 668 (1984). Edwards v. Carpenter, 529 U.S. 446 (2000).
In his Reply and Amended Reply, Petitioner contends that his
default of Claims Three and Four should be excused because Second
Counsel failed to raise the issue of the Rule 32 violations and
the State's breach of the plea agreement on direct appeal.

15

The Court has concluded that Second Counsel did not provide ineffective assistance with respect to any alleged violations of Rule 32. Consequently, Second Counsel's failure to raise the issue of Rule 32 violations on direct appeal cannot constitute cause for Petitioner's default of Claim Three.

In turn, Second Counsel's failure to raise the issue of the State's alleged violation of the plea agreement on direct appeal can only constitute cause for Petitioner's default of Claim Four if Petitioner demonstrates that the outcome of the appeal would have been different but for Second Counsel's omission. See Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996). Petitioner, however, cannot satisfy this burden; the transcript of the plea colloquy demonstrates that the State fulfilled its obligation under the plea agreement by recommending a sentence no greater than ten years on the rape charge. (D.I. 15.) Consequently, Second Counsel's performance cannot constitute cause for Petitioner's default of Claim Four.

In the absence of cause, the Court need not address the issue of prejudice. Moreover, Petitioner has not demonstrated that his default should be excused to prevent a miscarriage of justice, because he has not presented new reliable evidence of his actual innocence. Accordingly, the Court will deny Claims Three and Four as procedurally barred.

16

## C. Pending Motions

Petitioner has two motions pending before the Court: a
Motion For Leave To Amend his Reply and a Motion For Evidentiary
Hearing.  (D.I. 23;  D.I. 27.)  The Court will grant the Motion
For Leave To Amend his Reply, and notes that it has considered
the Amended Reply (D.I. 24.) in its review of the Petition.
However, because the Court has already concluded that it must
deny the Petition on the record provided, the Court will deny the
Motion For Evidentiary Hearing as moot.  See 28 U.S.C. § 2254(e);
Campbell v. Vaughn, 209 F.3d 280, 286-87 (3d Cir. 2001)(in
exercising discretion over whether to grant an evidentiary
hearing, a court should focus "on whether a new evidentiary
hearing would be meaningful, in that a new hearing would have the
potential to advance the petitioner's claim.").

## IV.  CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254
petition, the court must also decide whether to issue a
certificate of appealability.  See 3d Cir. L.A.R. 22.2 (2008).  A
certificate of appealability is appropriate when a petitioner
makes a "substantial showing of the denial of a constitutional
right" by demonstrating "that reasonable jurists would find the
district court's assessment of the constitutional claims
debatable or wrong."  28 U.S.C. § 2253(c)(2);  Slack v. McDaniel,
529 U.S. 473, 484 (2000).

17

The Court has concluded that Petitioner's habeas claims do not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

**V.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.

18